AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 21-MJ-6378-VALLE |
| ANTWAN GOSS, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of __June 12, 2021__ in the counties of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm and Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Elizabeth Morales, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 via FaceTime.

_____
Judge's signature

City and state: __Fort Lauderdale, Florida__    Alicia O. Valle, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Elizabeth Morales, being duly sworn, deposes and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7) and have served as an ATF Special Agent since 2002. I am currently assigned to ATF-Fort Lauderdale. As part of my duties as an ATF Special Agent, I am responsible for investigations of violations of Federal laws, including those pertaining to firearms. I have received specific training in the areas of firearms, explosives, narcotics, and gangs. I have taught courses pertaining to firearms trafficking to ATF Agents in firearm trafficking classes. I have conducted numerous investigations involving illegal firearms, gangs, violent crime, and narcotics trafficking activities.

2. I make this Affidavit in order to establish probable cause to believe that on or about June 12, 2021, in the Southern District of Florida, Antwan Goss **(hereinafter, "GOSS")**, did knowingly and unlawfully possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

3. The statements contained in this affidavit are based on my personal knowledge, as well as information relayed to me by other law enforcement officials involved in this investigation. I have not included in this affidavit each and every fact known to me. Rather, I have included only the facts that are sufficient to establish probable cause for the issuance of a criminal complaint and the issuance of an arrest warrant for GOSS for the above-described criminal violations.

1

## **PROBABLE CAUSE**

4.     On or about June 12, 2021, an officer from the Plantation Police Department ("PPD") was conducting surveillance at various motels known to be associated with narcotics and violent crimes, lining South State Road 7 in Broward County, Florida. While conducting surveillance, an officer observed a gray Volkswagen Chevy bearing Florida tag QKBK77 ("the Vehicle")[1] parked at the Amble Inn at 790 South State Road 7, Plantation, Florida.

5.     The officer observed am individual known to law enforcement as a cocaine user, "P.M.", and several other individuals, standing around the Vehicle and speaking with the driver. After conversing with these individuals, the Vehicle was observed backing out of the motel and began driving southbound on South State Road 7. The officer observed that the Vehicle had extremely dark tinted windows, including tint below the AS-1 line on the front windshield.[2]

6.     PPD officers effectuated a stop on the Vehicle. Upon approaching the Vehicle, GOSS was observed in the driver's seat and was the sole occupant of the Vehicle. GOSS appeared to be nervous, shaking, and unable to maintain eye contact with the officer speaking to him. GOSS was asked to step out of the Vehicle.

7.     Upon stepping out of the Vehicle, the officer asked GOSS if he would lift his shirt up and show his waistband to ensure that he did not have any firearms or weapons on his person. GOSS quickly lifted his shirt up and then pulled it back down. During that time, the officer observed a bulge in the area of GOSS's right hip, which was consistent with a firearm.

---

[1] The vehicle is registered to GOSS and an individual identified as GOSS's grandmother.

[2] A tint meter was also utilized on the front driver's side window which confirmed the tint to be illegal.

8.    Immediately thereafter, the officer was notified by PPD dispatch that GOSS had numerous out-of-state warrants for his arrest. Due to the numerous warrants, the bulge in GOSS's waistband consistent with a firearm, and GOSS's nervous behavior, GOSS was detained, awaiting warrant confirmation.[3] A subsequent frisk of GOSS's person revealed the bulge in GOSS's right hip area which the officer immediately recognized as a firearm. The firearm was recovered.

9.    The records check confirmed that GOSS did not have a carrying concealed weapons permit. Furthermore, it was confirmed that, prior to June 12, 2021, GOSS has been convicted of one or more crimes punishable by imprisonment exceeding one year (felony offense) and has been sentenced to over one year in prison on more than one occasion. For example, on or about August 12, 2016, GOSS was convicted of burglary of a dwelling and sentenced to 36 months' state prison (Broward County Case Number 14-000941-CF-10A). On or about March 31, 2009, GOSS was convicted of possession of a firearm by a convicted felon, and sentenced to 5 years' state prison (Broward County Case Number 08-012126-CF-10A). Based on the length of time that GOSS has spent in custody for one or more of the aforementioned convictions, he knew he was a felon at the time of his possession of the firearm and ammunition mentioned in paragraph 8.

10.   An inventory tow of the Vehicle revealed plastic bags, located in the center console, containing the following items[4]:

      a. 2.4 grams of cocaine packed in twenty-one (21) separate smaller baggies;

      b. 7.3 grams of oxycodone;

      c. numerous rubber bands; and

---

[3] The active out-of-state arrest warrants were ultimately confirmed to be non-extraditable.

[4] All of the suspect narcotics were field-tested and/or confirmed by Poison Control, and yielded a positive result.

3

d. three (3) cellular devices.

11. The firearm identified in paragraph 8 was confirmed to be a Taurus, G2C, 9mm, serial number ACC647593. The firearm was loaded with eleven (11) rounds of 9mm ammunition. Both the firearm and ammunition were manufactured outside the State of Florida. Thus, the firearm and ammunition must have traveled in and affected interstate or foreign commerce prior to June 12, 2021.

12. Furthermore, a records check with the State of Florida revealed GOSS has not had the right to possess a firearm restored.

## CONCLUSION

13. For the abovementioned reasons, I submit there is probable cause to believe that on or about June 12, 2021, in the Southern District of Florida, Antwan Goss ("GOSS"), did knowingly and unlawfully possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Elizabeth Morales, Special Agent
Bureau of Alcohol, Toboacco,
Firearms and Explosives (ATF)

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime, on this 15th day of June 2021, at Fort Lauderdale, Florida.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

4